UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NATHANIEL A. HARPE,<br><br>Plaintiff,<br><br>v.<br><br>TOM LAWLER and RICHARD T. ALEXANDER,<br><br>Defendants. | CIVIL ACTION NO.<br>1:22-CV-00047-JPB |

## **ORDER**

This matter is before the Court on Tom Lawler and Richard T. Alexander's ("Defendants") Motion to Dismiss [Doc. 8] and Nathaniel A. Harpe's ("Plaintiff") Motion to Include or Allege Basis for Jurisdiction [Doc. 13]. The Court finds as follows:

## BACKGROUND

Plaintiff is an individual who was previously incarcerated in Gwinnett County. [Doc. 7, p. 2]. Defendants were the clerks at the Superior Court of Gwinnett County who Plaintiff alleges handled his sentencing records. Id. at 4, 6.

Plaintiff, proceeding *pro se*, filed suit against Defendants on April 5, 2022,[1] under 42 U.S.C. § 1983 for violation of his Fifth and Fourteenth Amendment rights. [Doc. 4]. Plaintiff alleged that Defendants failed to accurately communicate Plaintiff's sentence and credit for time served which resulted in Plaintiff's over-detention of eighteen months and nine days. [Doc. 4]. On June 29, 2022, Plaintiff filed the First Amended Complaint wherein he appears to set forth additional claims against Defendants in their individual and official capacities. [Doc. 7]. Specifically, in the First Amended Complaint, Plaintiff appears to bring claims for violation of his Fifth and Fourteenth Amendment rights under 42 U.S.C. § 1983, breach of ministerial duties under O.C.G.A. § 42-5-50(a) and negligent failure to comply with contractual obligations to the State of Georgia. Id.

On August 5, 2022, Defendants moved to dismiss the First Amended Complaint on the grounds of Eleventh Amendment immunity, failure to state a claim as to Plaintiff's Fourteenth Amendment § 1983 claim, insufficient service, improper reliance on the theory of *respondeat superior* or vicarious liability as to the individual capacity § 1983 claims, improper claims against a deceased defendant and statute of limitations. [Doc. 8-1]. Thereafter, on August 18, 2022,

---

[1] Plaintiff's initial Complaint was also brought against Wendy Mann, see [Doc. 4]; however, the First Amended Complaint dismisses Ms. Mann as a defendant, [Doc. 7, p.1].

Plaintiff filed a pleading titled "Second Amended Complaint" wherein Plaintiff appears to dismiss his "claim of due process violations," adds supplemental exhibits and seeks to "clarify" some of his claims. [Doc. 11]. Plaintiff subsequently filed a "Motion to Include or Allege Basis for Jurisdiction" on August 22, 2022. [Doc. 13].

## LEGAL STANDARD

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). In determining whether an action should be dismissed for failure to state a claim, Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although detailed factual allegations are not necessarily required, the pleading must contain more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

Because Plaintiff is proceeding *pro se* in this action, the Court has an obligation to "liberally construe" his pleadings. Sarhan v. Mia. Dade Coll., 800 F. App'x 769, 771 (11th Cir. 2020). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010). "[P]*ro se* litigants still must comply with the Federal Rules of Civil Procedure." Rodriguez v. Scott, 775 F. App'x 599, 602 (11th Cir. 2019). As such, a *pro se* plaintiff's complaint must comply with Rule 8 by making a short and plain statement of the claim showing that the plaintiff is entitled to relief. Id.

## ANALYSIS

Construing Plaintiff's pleadings liberally and looking at the substance of the pleadings, the Court considers the First Amended Complaint to be the currently operative complaint and construes the "Second Amended Complaint" to be a supplement to the First Amended Complaint, rather than an independent, superseding amendment. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); see also Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1252 n.11 (11th Cir. 2005) (noting that pleadings are judged by their substance rather than form or label). Regardless of whether the Court construes the "Second Amended Complaint" to be a supplement to the First Amended Complaint or a superseding

4

complaint, the Court finds that Plaintiff's First Amended Complaint and Second Amended Complaint (together, the "Supplemented First Amended Complaint") are due to be dismissed as impermissible shotgun pleadings.  As such, the Court will not address the merits of Defendants' motion to dismiss at this time.  See Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001) ("We are unwilling to address and decide serious constitutional issues on the basis of this [shotgun] complaint. We could perhaps decide whether some of [the] claims were subject to dismissal under Rule 12(b)(6) . . . .  Piecemeal adjudication of that kind, however, does not promote judicial efficiency.").

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings," which violate Rule 8's requirement that a complaint contain a short and plain statement of the claim.  Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018).  The Eleventh Circuit Court of Appeals has explained that shotgun pleadings "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts."  Arrington v. Green, 757 F. App'x 796, 797 (11th Cir. 2018).  Furthermore,

> [s]hotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's

> parajudicial personnel and resources. Moreover, justice is delayed for the litigants who are "standing in line," waiting for their cases to be heard. The courts of appeals and the litigants appearing before them suffer as well.

Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1356–57 (11th Cir. 2018). In sum, tolerating shotgun pleadings "constitutes toleration of obstruction of justice." Id. at 1357.

Typically, shotgun pleadings are characterized by any one of the following: (1) multiple counts that each adopt the allegations of the preceding counts; (2) conclusory, vague and immaterial facts that do not clearly connect to a particular cause of action; (3) failing to separate each cause of action into distinct counts; or (4) combining multiple claims against multiple defendants without specifying which defendant is responsible for which act. McDonough v. City of Homestead, 771 F. App'x 952, 955 (11th Cir. 2019). These categories "do not have precise and clearly marked boundaries." Tran v. City of Holmes Beach, 817 F. App'x 911, 913 (11th Cir. 2020). Significantly, the "unifying characteristic" of all shotgun pleadings is that they fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1323 (11th Cir. 2015).

The Court finds that the Supplemented First Amended Complaint demonstrates some of the above characteristics and is a "quintessential 'shotgun'

6

pleading[] of the kind [the Eleventh Circuit has] condemned repeatedly." Magluta, 256 F.3d at 1284.  For instance, the Supplemented First Amended Complaint contains little factual support for the claims that Plaintiff attempts to set forth and the facts that are included are conclusory, vague and lacking a clear connection to any particular cause of action.  See [Doc. 7]; [Doc. 11].  By way of example, the Supplemented First Amended Complaint makes conclusory allegations that Defendants acted under color of law and with apparent authority of the state but fails to provide facts demonstrating how Defendants did so.  [Doc. 7, p. 4].  The Supplemented First Amended Complaint also refers the Court to several exhibits and documents related to Plaintiff's arrest, sentencing and detention, however, Plaintiff does not establish a connection between these documents and any particular cause of action.  Id. at 5.  Further, the Supplemented First Amended Complaint does not separate the causes of action into distinct counts, but rather sets forth a blend of generalized allegations, citations to law and legal conclusions. See [Doc. 7]; [Doc. 11].  Finally, although the Supplemented First Amended Complaint appears to dismiss Plaintiff's "claim of due process" and seeks to clarify the capacities in which the Defendants are being sued, it is unclear which claims Plaintiff wishes to abandon and which claims remain.  [Doc. 11].

Ultimately, Plaintiff's Supplemented First Amended Complaint does not allow Defendants to identify what exactly they are alleged to have done wrong and does not provide "adequate notice of the claims against them and the grounds upon which each claim rests." Weiland, 792 F.3d at 1323.

Under Federal Rule of Civil Procedure 15(a)(1), a plaintiff may amend his complaint once as a matter of course within twenty-one days after serving it, or within twenty-one days after service of a motion under Rule 12(b). Otherwise, the plaintiff must seek leave of court to amend. See Fed. R. Civ. P. 15(a)(2). Although Plaintiff has not sought leave of court to amend his Supplemented First Amended Complaint, "[t]he Eleventh Circuit has specifically held that *pro se* litigants should be held to a less stringent standard with respect to their right to amend a complaint, even despite a failure to move for amendment." Black v. Bank of Am., N.A., No. 1:15-CV-2339, 2016 WL 11570392, at *2 (N.D. Ga. Jan. 8, 2016) (citing Lee v. Alachua County, 461 F. App'x 859, 860 (11th Cir. 2012)). Courts are generally required to afford a *pro se* plaintiff an opportunity to amend a pleading "where a more carefully drafted complaint might state a claim," Woodroffe v. Fla. Dep't of Fin. Servs., 774 F. App'x 553, 554 (11th Cir. 2019), "unless the plaintiff expresses a desire not to amend or an amendment would be futile," Watkins v. Hudson, 560 F. App'x 908, 911 (11th Cir. 2014). Therefore,

before dismissing this case with prejudice and because Plaintiff has not given any indication that he does not wish to amend his Supplemented First Amended Complaint, the Court will grant Plaintiff a final opportunity to amend.

At a minimum, Plaintiff's amended complaint must comply with the following instructions:

1) The amended complaint must contain a background section stating the facts relevant to all claims. The facts shall be presented in individually numbered paragraphs and presented in a logical order (which may or may not be chronological). The facts section should not contain facts that are not relevant to the claims.

2) Plaintiff must allege each cause of action, clearly identified as such, under a separate count. Underneath each count, in separately numbered paragraphs, Plaintiff must provide the relevant facts, including dates, that he believes entitle him to relief. In other words, Plaintiff should allege factual support for every cause of action asserted and, more specifically, for each element of the cause of action. This factual support must include the manner in which Defendants' alleged conduct is related to each cause of action.

3) Plaintiff must explicitly request the relief he seeks and must provide an explanation of why he is entitled to such relief.

4) Plaintiff is permitted to assert a single count against multiple defendants; however, Plaintiff must identify what precise conduct is attributable to each individual defendant separately in each count.

Plaintiff is notified that the amended complaint will supersede all previous pleadings. The Court will not read the pleadings in tandem. In short, Plaintiff

must ensure that his amendment complies with Federal Rule of Civil Procedure 8 and the directives of this Order.

## CONCLUSION

The Motion to Dismiss the Plaintiff's Complaint [Doc. 8] is **GRANTED**. The First Amended Complaint and Second Amended Complaint [Doc. 7] [Doc. 11] are **DISMISSED WITHOUT PREJUDICE**. Plaintiff's Motion to Include or Allege Basis for Jurisdiction [Doc. 13] is **DENIED AS MOOT**.

Plaintiff may amend his complaint a final time to adequately plead a specific claim or claims within twenty-one days of the date of this Order. Plaintiff is notified that the failure to submit an amended complaint within the twenty-one-day time period will result in dismissal of the entire action with prejudice. The Clerk is **DIRECTED** to resubmit this matter in the event that an amended complaint is not filed.

**SO ORDERED** this 1st day of March, 2023.

J. P. BOULEE
United States District Judge